UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CR00326 ERW |
| | ) | |
| JOSE PARKS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND OPINION**

This matter is before the Court on the Eighth Circuit Court of Appeals' ruling affirming in part, reversing in part, and remanding for re-sentencing proceedings the judgment issued by this Court on November 27, 2006. The Mandate of that Court was issued April 28, 2009, and a hearing was conducted on June 11, 2009, where the Government was represented by Assistant United States Attorney Thomas J. Mehan and Mr. Parks was present with counsel, Assistant Federal Public Defender Lucille G. Liggett. The Court heard arguments and requested that Mr. Parks remain in the District pending re-sentencing.

**I. BACKGROUND**

Mr. Parks entered a plea of guilty to a one-count indictment charging him with Possession With Intent to Distribute Heroin on August 11, 2006. Mr. Parks appeared for sentencing on November 27, 2006. Because the Court found that Mr. Parks' prior conviction for Escape From Confinement in case no. 891-02612 qualified him as a Career Offender under United States Sentencing Guidelines 4B1.1 and his sentence was fashioned at 151-months' imprisonment in the United States Bureau of Prisons. The Court declared that his Total Offense Level was 29 and his Criminal History Category was VI. In the absence of a finding that he was a Career Criminal, his

1

Total Offense Level would be 15, his Criminal History Category would be VI, and his sentencing range would be 41-51 months.

## II. DISCUSSION

### A. The Eighth Circuit Opinion

Mr. Parks' conviction and sentencing was originally affirmed in *United States v. Jose Parks* (Parks I)*,* 249 Fed. Appx. 484 (8th Cir.2007). On remand from the United States Supreme Court, *Parks v. United States* (Parks II), 129 S. Ct. 994 (2009), the Eighth Circuit panel, in view of *Chambers v. United States* __, __ , 129 S. Ct. 687, 693 (2009), concluded that whether a walkaway escape is a violent felony under *Chambers* and *Begay* "remains an open question" and "[t]he record is not sufficiently developed for us to make this determination because the District Court, . . . limited its factual findings regarding Parks's escape conviction to the brief description of the offense in Parks's PSR." Accordingly, the Eighth Circuit remanded Parks' case for re-sentencing, and instructed "the district court to analyze Parks's prior escape conviction under § 575.210 in light of *Chambers* and *Begay*."

### B. *Chambers v. United States,* **129 S. Ct. 687 (2009).**

At Deondery Chambers' sentencing, the sentencing court counted a prior conviction of "failure to report" for penal confinement as a predicate offense to qualify Mr. Chambers, with other prior offenses, as an Armed Career Criminal which carries a mandatory minimum fifteen-year sentence. The Court analyzed an Illinois statute which categorized "several different kinds of behavior":

> (1) escape from a penal institution, (2) escape from the custody of an employee of
> a penal institution, (3)failing to report to a penal institution, (4) failing to report for
> periodic imprisonment, (5) failing to return from furlough, (6) failing to return
> from work and day release, and (7) failing to abide by the terms of home
> confinement.

2

The Court noted,

> "[t]he behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody. See *Begay v. United States,* 553 U.S. __,__, 128 S. Ct. 1581, 1856, 170 L.Ed. 2d 490 (2008). Moreover, the statute itself not only lists escape and failure to report separately (in its title and its body) but also places the behaviors in two different felony classes (Class Two and Class Three) of different degrees of seriousness."

*Id.* at 691. Furthermore, the Court stated that "failure to report" does "not have 'as an element the use, attempted use, or threatened use of physical force against the person of another.' § 924(e)(2)(B)(i)."[1] *Id.* at 691. The Court reasoned that failure to report conceptually amounts to a crime of inaction, not purposeful, violent and aggressive conduct. "To the contrary, an individual who fails to report would seem unlikely, not likely, to call attention to his whereabouts by simultaneously engaging in additional violent and unlawful conduct." *Id.* at 692.

### C. *Begay v. United States,* 128 S. Ct. 1581 (2008).

The Court in *Begay* decided that the offense of "driving under the influence of alcohol" is not a "violent felony" under 18 U.S.C. §924, and consequently, the special mandatory minimum sentence of fifteen-years' imprisonment was wrongly imposed. That New Mexico statute has no provision similar to §924 (e) (i), which includes the language, " has as element the use, attempted use, or threatened use of physical force against the person of another[.]" Neither, did the Court find, that the New Mexico statute, involved "conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. §924(e)(ii). The Court observed that driving under the influence statutes do not insist upon purposeful, violent and aggressive conduct, "rather, they are,

---

[1]That provision provides, "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" Similar language appears in United States Sentencing Guideline 4B1.1.

3

or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have any criminal intent at all." *Id.* at 1586-87. The Court noted the obvious, "the Armed Career Criminal Act focuses upon the special danger created when a particular type of offender -a violent criminal or drug trafficker-possesses a gun." *Id*. at 1587.

### D. Mr. Parks' Conduct In Underlying the Predicate Offense.

A contestation between counsel arose at the June 11, 2009 hearing, focused on the scope of information this Court is permitted to consider in complying with the Eighth Circuit's Mandate. Ms. Liggett maintains that the transcript of proceedings of Mr. Parks' plea of guilty in case no. 891-02612 on the charge of Escape From Confinement entered on December 15, 1989, in the Circuit Court for the City of St. Louis in the 22nd Judicial Circuit should not be considered in making factual conclusions in this case. Mr. Mehan advocates that while the Court is not allowed to hear additional evidence concerning Mr. Parks' prior escape conviction, it is permissible to examine the court records. In attempting to satisfy this Court's obligation to be obedient to the Eighth Circuit's Opinion, the Court will consider the wording of the Indictment and Plea Transcript from case no. 891-02612, both of which were attached to Mr. Parks' sentencing memorandum in this case.

The pertinent part of the Indictment states "that the defendant, in violation of Section 575.210, RSMo, committed the class C̲ felony felony *sic* of escape from confinement . . . escaped from confinement." (emphasis supplied). The Parties agree that Mr. Parks was convicted of a Class D felony. At the plea hearing in case no. 891-02612, the prosecutor told the judge that the State could prove beyond a reasonable doubt that on

> "June 11, 1989, approximately 4:35 p.m., . . . at the Department of Corrections and Human Resources, the St. Mary's Honor Center, the defendant Jose Parks escaped from St. Mary's Honor Center by running past the front door officer and out the door at about the stated time as the door was opened for a routine intake

4

of returning inmates. Mr. Parks did not have permission nor was authorized to leave the premises at this time."

Mr. Parks did not disagree with that statement at the plea hearing.

### E. The Relevant Missouri Statutes

**§575.210. Escape or attempted escape from confinement**

    1. A person commits the crime of escape or attempted escape from confinement if, while being held in confinement after arrest for any crime, while serving a sentence after conviction for any crime, or while at an institutional treatment center operated by the department of corrections as a condition of probation or parole, he escapes or attempts to escape from confinement.
    2. Escape or attempted escape from confinement in the department of corrections is a class B felony.
    3. Escape or attempted escape from confinement in a county or city correctional facility is a class D felony except that it is:
     (1) A class A felony if it is effected or attempted by means of a deadly weapon or dangerous instrument or by holding any person as hostage;
     (2) A class C felony if the escape or attempted escape is facilitated by striking or beating any person.

§575.210, RSMo.

Obviously, the Missouri Statute applicable in this case and the Illinois Statute analyzed in *Chambers* are quite different. The Eighth Circuit opinion issued in this case states, "[m]oreover, the record also suggests §575.210 is potentially over-inclusive because it may include failure to report or return offenses. That conclusion seems correct in reading that Statute with §217.390, RSMo.

**§217.390**. **Escape, defined-penalty**

    An offender absenting himself without leave from any person n charge of his supervision, or from any work assignment, educational release program or job outside of the correctional center, or from any halfway house or correctional facility operated by another political subdivision, to which he has been assigned, or who wilfully fails to return to such place at the appointed time after having been permitted to leave, shall be deemed on "escape" status. He shall be reported by the division to the appropriate law enforcement officer and upon conviction shall be sentenced for escape as provided in section 575.210, RSMo. . . .

5

§217.390, RSMo.

**II. DISCUSSION**

Under §575.210, RSMo., and as "Escape" is defined in §217.390, RSMo., Mr. Parks escaped from confinement from St. Mary's Honor Center of the Department of Corrections for the State of Missouri. While the Indictment charges a Class C felony, and it is clear from the plain words of the Statute, escape from confinement in the Department of Corrections is a Class B felony, the Parties agree that Mr. Parks was convicted of a Class D felony,[2] which, from the words of the Statute, require escape from confinement in a county or city correctional facility. Resolving that confusion is not part of the charge to this Court, and the focus will turn to whether Mr. Parks' escape from confinement conviction in case no 891-02612 is a crime of violence that has a role in qualifying Mr. Parks as a Career Offender under United States Sentencing Guideline §4B1.1. A crime of violence is defined in United States Sentencing Guideline §4B1.2:

> (a)  The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that - -
>      (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>      (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise <u>involves conduct that presents a serious potential risk of physical injury to another</u>.

USSG, §4B1.2. (emphasis supplied).

The Court finds that Mr. Parks' conduct in running past a guard or guards to free himself from the conditions of being involuntarily confined in the Department of Corrections at the St. Mary's Honor Center is different behavior than that described in the factual recitation of the Chambers' case. There, the defendant had a choice of respecting a court order by appearing at a

---

[2] Mr. Vincent, the Prosecuting Attorney, in the Transcript of the Sentencing Hearing on December 15, 1989, states, "[y]our Honor, for the escape from confinement which is a Class - - - Class D felony, range of punishment is up to five years incarceration.

6

place to be confined, or to remain free, posing no immediate threat of violence to himself or anyone. In the present case, it is not known whether the guard or guards were armed, but in any event, the guard or guards was or were in place to interfere with those on the inside of the enclosure, without permission, from getting on the outside of the enclosure. The guard or guards had a purpose in being at that location. It s reasonable to conclude that in the ordinary course of the execution of a guard's duty, she or he would not be expected to stand passively and watch a resident leave the Center. Rather, some effort in the form of physical restraint by the guard or guards would be expected. Under the circumstances of a guard or guards being posted at the entrance to the St. Mary's Honor Center with a resident running through their space away from confinement, this Court concludes that such behavior by Mr. Parks involved conduct that presented a serious potential risk of physical injury to another. The serious potential risk of physical injury was presented to a guard or guards in a position to exercise physical restraint against Mr. Parks; to another inmate entering through the guarded space, administrative personnel in the area, or to a visitor in the protected guarded space through which Mr. Parks ran.

The facts of this case are different than where a person fails to appear at a designated location for confinement or where an inmate walks away from an unfenced or unguarded area where there would be no conduct to present a serious potential risk of physical injury to another. The escape offense of Mr. Parks qualifies as a violent felony under United States Sentencing Guideline 4B1.1, his Total Offense Level is 29, his Criminal History Category is VI, and his Sentencing Guideline Range is 151 to 188 months.

**ACCORDINGLY,** it is ordered that Jose Parks appear for re-sentencing before this Court on June 26, 2009, at 9:00 a.m.

So Ordered this 18th Day of June, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE